By the Court. Oakley, Ch. J.
The only question of serious consideration in this case, is the effect of the statement in the bought and sold note, that the vessel, by which the oil was expected to arrive, “ sailed on or about the 15th March ult.”
The defendants say, this was in the nature of a condition or a warranty, and that if she did not sail at the time specified, the contract would be void and inoperative against them. On the other hand, the plaintiffs contend, that the words quoted were simply a statement of a fact that was supposed to exist by the parties, neither of them knowing or having the means of knowing, when they contracted, whether the vessel had sailed or not.
The defendants, besides claiming it to be a condition in terms, proposed to introduce evidence that merchants would have so considered it.
This proposition to prove the legal effect of a written instrument, by the opinion of merchants, is a novelty. Possibly, if these words, “ sailed on or about ” a given day, had acquired any meaning in trade or commerce different from their ordinary *202 import, evidence to that effect might have been admissible; but that was not the offer. The court is to decide as to the legal effect of the contract, there being no question as to the facts; and the testimony offered was properly excluded.
On the point that there was a condition or warranty, the defendants desired the judge to submit it to the jury to say, whether the parties did not so understand the bought and sold note when they contracted; and, also, to find that the sailing of the vessel, on the 26th of March, was not a sailing on or about the 15 th of March, as provided in the contract.
The judge rightly declined to submit these matters to the jury, and put the question on the right ground, viz. whether the words referred to were a. correct representation of what was understood by the parties on that subject.
The defendants’ counsel strenuously contended, that the words imported a condition precedent, or a warranty that the vessel had sailed as stated. "We have no hesitation in holding that, upon its terms, the language used did not import a stipulation; and from its indefinite character, never could have been understood by the parties as a condition or warranty that the vessel had sailed at the time expressed.
It is very apparent on the face of the contract, that the plaintiffs did not intend, nor did the defendants understand that it was intended, to stipulate or warrant a particular time for the sailing of the vessel.
On this view, the plaintiffs are entitled to recover.
An objection was made to the plaintiffs’ offer to perform on their part. It appeared that the invoice of oil which they were apprised of, and in respect of which they contracted, contained over seven thousand gallons; and they made a written proposition and tender to deliver the whole. That proposal being declined, they qualified it afterwards, by an offer to deliver six thousand gallons out of the seven, if the defendants would take it; or to deliver them the whole of the six thousand at the. contract price, and the surplus at the current market price of the oil. It is objected that this parol qualification of the tender made in writing, was inadmissible; but we see no ground for the objection. The plaintiffs could make their offer orally, as *203 well as in writing; or they could make it in both forms successively. Either mode was good, and they may rely on either. The tender was, in our opinion, complete.
But it is said the declaration did not warrant this proof, because it counted only on the offer to deliver the entire quantity of seven thousand gallons. This point was not raised at the trial. If it had been, the judge would doubtless have permitted the declaration to be amended. We cannot notice the objection here, as the variance between the proof and the averment in the declaration is immaterial. (a)
The motion for a new trial must be denied.

 Affirmed in the Court of Appeals, Dec. 30, 1850.